**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Guardado,<br><br>    Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>    Respondents. | No. CV-18-08302-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. The Magistrate Judge to whom this case was referred issued a Report and Recommendation (R&R) recommending that the Petition be denied. Petitioner filed objections to the R&R. Respondents responded to Petitioner's objections.

**I.**     **Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *see also Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (stating that the district court "must review de novo

the portions of the [magistrate judge's] recommendations to which the parties object"). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made.").

## II.     Review of State Court Decision

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. § 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law" or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1). Additionally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

> To determine whether a state court ruling was "contrary to" or involved an "unreasonable application" of federal law, courts look exclusively to the holdings of the Supreme Court that existed at the time of the state court's decision. *Greene v. Fisher*, 565 U.S. 34, 38, 132 S.Ct. 38, 181 L.Ed.2d 336 (2011). A state court's decision is "contrary to" federal law if it applies a rule of law "that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Mitchell v. Esparza*, 540 U.S. 12, 14 (2003) (citations omitted). A state court decision is an "unreasonable application of" federal law if the court identifies the correct legal rule, but unreasonably applies that rule to the facts of a particular case. *Brown v. Payton*, 544 U.S. 133, 141 (2005). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree on the correctness of the state court's decision.'" *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

*Amaral v. Ryan*, No. CV16-00594-PHX-JAT-BSB, 2018 WL 6931889, at *5 (D. Ariz. June 26, 2018) (alterations in original), *report and recommendation adopted*, 2018 WL

6695951, at *1 (D. Ariz. Dec. 20, 2018)).

"When applying these standards, the federal court should review the 'last reasoned decision' by a state court . . . ." *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004); *see also Y1st v. Nunnemaker*, 501 U.S. 797, 803-03 (1991) ("later unexplained orders upholding [a] judgment [rejecting a federal claim]" raises a presumption that the reviewing court "looks through" that order to the last reasoned decision).

### III.   Factual Background

The R&R summarized the factual and procedural background of this case, and neither party objected to this recounting of the facts. (Doc. 41 at 3-7). Accordingly, the Court hereby accepts and adopts it. In short summary, Petitioner was indicted, tried by a jury, and convicted of three counts of selling dangerous drugs; possession of dangerous drugs; possession of drug paraphernalia; and misconduct involving weapons. (*Id*.).

### IV.   Claims Raised for the First Time in Objections

In his objections, Petitioner raises several claims that were not raised in his Petition. (Doc. 42). First, Petitioner argues that there was some defect in his grand jury proceedings. (Doc. 42 at 2-4). Second, Petitioner argues that there was a jurisdictional defect in his indictment. (*Id*.). Third, Petitioner argues that the judge in his state case was not duly authorized to be a judge. (*Id*. at 5).

"A district court has discretion, but is not required, to consider evidence or claims presented for the first time in Objections to a Magistrate Judge's [R&R]." *Moore v. Chrones*, 687 F. Supp. 2d 1005, 1016 (C.D. Cal. 2010) (citing *Brown v. Roe*, 279 F.3d 742, 744–45 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000)). Here, if Petitioner were permitted to amend his Petition to assert these additional claims, the claims would fail; therefore, the Court will exercise its discretion and not consider them.

First, Petitioner argues there was a defect in his grand jury proceeding. Assuming there was such a defect, in *U.S. v. Mechanik,* 475 U.S. 66, 70 (1986), the Supreme Court rejected a challenge to a grand jury proceeding where the defendant was later convicted at

trial. The Court reasoned: "the petit jury's verdict rendered harmless any conceivable error in the charging decision that might have flowed from the violation. In such a case, the societal costs of retrial after a jury verdict of guilty are far too substantial to justify setting aside the verdict simply because of an error in the earlier grand jury proceedings." 475 U.S. at 73. Thus, this claim is without merit.

Second, Petitioner argues there was a jurisdictional defect in the indictment. Specifically, Petitioner seems to believe that the crimes with which he was charged in this case occurred on an Indian reservation; therefore, he appears to argue the federal court, not the state court, had jurisdiction to prosecute him. (Doc. 42 at 4). However, "the Supreme Court has held that states retain exclusive jurisdiction over general crimes committed by non-Indians against non-Indians in Indian country." *United States v. Bruce*, 394 F.3d 1215, 1219 (9th Cir. 2005) (citations omitted). Therefore, the state of Arizona had jurisdiction to prosecute Petitioner even if Petitioner's allegation that he was on an Indian reservation is true.

Third, Petitioner argues that the state court judge who presided over his case was not duly authorized to be a judge. (Doc. 42 at 5). Assuming any such issue existed (and there is no evidence of such an issue beyond Petitioner's argument), this would be an error of state law which is not cognizable on habeas. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

Thus, because all of the new claims Petitioner raises in his objections would not entitle him to relief, the Court will not permit him to amend his Petition to assert these additional claims.

**V.    Claims in the Petition**

Petitioner raises two claims in his Petition: that he should have received a trial continuance to seek alternative counsel and that he received ineffective assistance of counsel. With respect to his second claim, Petitioner has 4 separate factual predicates regarding his ineffective assistance of counsel claim: 2(a) counsel's alleged failure to present mitigation evidence; 2(b) counsel's alleged failure to impeach the confidential informant's testimony with (1) a prior false reporting charge; (2) a prior writing bad checks

charge; and (3) a prior shoplifting charge. (Doc. 41 at 1).

The R&R concluded that claims 2(a) and 2(b)(3) were not exhausted in state court and that Petitioner did overcome this failure to exhaust these now defaulted claims such that this Court could consider them on the merits. (Doc. 41 at 7-15). Petitioner did not object to this conclusion. The Court hereby accepts it and denies relief on these claims.

The R&R concluded that claim 1 was fully exhausted in state court. (Doc. 41 at 16-20). The R&R further concluded that the state courts' decision on this claim was not contrary to or an unreasonable application of clearly established federal law, nor was it an unreasonable determination of the facts. (*Id*.). Petitioner did not object to this conclusion. The Court hereby accepts it and denies relief on this claim.

The R&R concluded that Petitioner failed to show ineffective assistance of counsel in claims 2(b)(1) and 2(b)(2) under *Strickland v. Washington*, 466 U.S. 668 (1984). (Doc. 41 at 21-24). Petitioner did not object to this conclusion. The Court hereby accepts it and denies relief on these claims.

Thus, the Court has denied relief on all claims raised in the Petition. Nonetheless, the Court notes that in his objections, Petitioner raises a more generalized ineffective assistance of counsel claim, seemingly arguing that all of his claims in his Petition were really a claim that his counsel was not competent. Petitioner states:

> What was not in question to any concerned in that commissioner courtroom by anyone, was the complete oblivion into which appointed counsel existed, often staring off into the ceiling, sucking on his pen, or other curious behaviors readily seen by all involved. … This petitioner, or even a dyspeptic monkey would have been better than a largely mute counsel possessed of strange habits."

(Doc. 42 at 5).

Petitioner's objections to counsel's personality, even if accurate, do not show ineffective assistance of counsel under *Strickland*. As the R&R recounts, the right to counsel does not include the right to be represented by the lawyer whom Petitioner would have preferred. (Doc. 41 at 17-18 (citing *Wheat v. United States*, 486 U.S. 153, 159 (1988)). Thus, because no relief is warranted on these additional allegations, the Court will not exercise its discretion to consider what amounts to another new claim in the objections.

## VI. Certificate of Appealability

The R&R recommends that this Court deny a certificate of appealability. (Doc. 41 at 24-25). Petitioner objects to this recommendation by stating, without any factual or legal argument, that he is innocent. (Doc. 42 at 6). The Court agrees with the R&R that jurists of reason would not find it debatable whether this Court was correct in its procedural ruling, and jurists of reason would not find this Court's assessment of the constitutional claims debatable or wrong. (Doc. 41 at 24-25); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Petitioner's motion for a certificate of appealability (Doc. 39) does not change this conclusion. Thus, a certificate of appealability is denied.

## VII. Conclusion

**IT IS ORDERED** that the Report and Recommendation (Doc. 41) is accepted and adopted. The objections (Doc. 42) are overruled. The Petition is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied for the reasons stated above.

**IT IS FINALLY ORDERED** that the motion for expeditious disposition and for a certificate of appealability (Doc. 39) is denied.

Dated this 13th day of October, 2020.

James A. Teilborg
Senior United States District Judge